FILED
2008 OCT 31 PM 1:33
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ______

Lane E. Bender, Esq. (State Bar No. 176057)
R. Christopher Chatham, Esq. (State Bar No. 240972)
LOEB, KOSACZ & SUNDBERG, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Telephone: (805) 777-7240
Fax: (805) 778-9139

Attorneys for Plaintiff VILLAGE PIZZERIA ENTERPRIZES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE PIZZERIA ENTERPRIZES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN M. COHEN, individually and doing business as VILLAGE PIZZERIA<br><br>Defendants. | Civil No. CV08-07232 VBF (RCx)<br><br>COMPLAINT FOR:<br><br>1. TRADEMARK INFRINGEMENT (15 U.S.C § 1114)<br>2. FALSE DESIGNATION OF ORIGIN (15 U.S.C § 1125(A))<br>3. FEDERAL TRADEMARK DILUTION (15 U.S.C § 1125(C))<br>4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION<br>5. CYBERSQUATTING (15 U.S.C § 1125(D))<br>6. VIOLATION OF CAL.CIV. CODE § 3344<br>7. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200, ET SEQ.)<br><br>DEMAND FOR JURY TRIAL |

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

COMES NOW Plaintiff, VILLAGE PIZZERIA ENTERPRIZES, LLC (hereafter "Plaintiff"), who demands trial by jury and complains and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendant because Plaintiff is informed and believes that Defendant has engaged in business activities in, and directed to, the State of California and within this judicial district, and because Defendants have knowingly committed tortious acts aimed at, and causing harm within, the State of California and this judicial district.

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C §§ 1331, 1332, 1338 and 1367. Plaintiff's claims include violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127, et seq. This Court also has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §§ 1332, 1338(b) and 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff is informed and believes that Defendants transact business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damages to Plaintiff, including damages to its intellectual property

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

described herein continues to occur in this judicial district.

**THE PARTIES**

4. Plaintiff VILLAGE PIZZERIA ENTERPRIZES, LLC ("Plaintiff") is a Washington limited liability company having its principal place of business in and the surrounding area of San Francisco, California.

5. Defendant STEVEN M. COHEN, individually and doing business as VILLAGE PIZZERIA ("Defendant"), on information and belief, resides in Los Angeles, California. More specifically, Defendant does business as Village Pizzeria. On information and belief, Defendant owns and operates Village Pizzerias located at 131 N. Larchmont Avenue, Los Angeles, California and at 6363 Yucca Street, Hollywood, California.

**PLAINTIFF'S BUSINESS AND MARKS**

6. Village Pizzeria is recognized and critically acclaimed for it New York-style pizza in San Francisco, California and surrounding areas. In 1979, the first Village Pizzeria was opened in San Francisco, California. Since 1979, Plaintiff has opened five pizzeria restaurants around the San Francisco Bay Area.

7. Plaintiff has expended considerable time, resources and effort in promoting its "Village Pizzeria" name and mark throughout the United States and elsewhere. As a result of these efforts, Plaintiff has built

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

substantial recognition and goodwill, and has developed significant intellectual property rights in its mark for which it has issued a a registration by the United States Patent and Trademark Office ("USPTO"). See, e.g., U.S. Registration No. 3103738, attached hereto as Exhibit A.

8. As a consequence of the extensive advertising, promotion, and use of the mark, Plaintiff has developed enormous recognition for its services under the mark and has acquired and enjoys an immensely valuable reputation and tremendous goodwill under the mark. The mark is world renowned and "famous" for purposes of 15 U.S.C. § 1125(c)(1).

**DEFENDANTS BUSINESS AND TRADE NAME**

9. Defendant, long after Plaintiff commenced use of its famous mark, and without Plaintiff's knowledge, consent, or authorization, began operating a restaurant pizza business under "Village Pizzeria," and began using the www.villagepizzeria.net domain name. A screen capture of the webpage is attached hereto as Exhibit B.

10. Defendant has used and continues to use Plaintiff's mark, trade name, and domain name in connection with operating its business and advertising its menu, history, locations, and other information. In addition, Defendant's website includes a special section devoted solely to appropriating as its own identity Plaintiff's history of establishing and operating Village

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

Pizzeria.

11. Defendant's business activities are conducted in connection with Plaintiff's mark, trade name, and domain name, and Defendant profits from, among other things, advertising revenues generated through Defendant's website, located at www.villagepizzeria.net.

12. Defendant's use of Plaintiff's mark, trade name, and domain name substantially incorporate Plaintiff's famous mark. Defendant's use of the "Village Pizzeria" mark, trade name, and domain name looks and sounds identical Plaintiff's famous mark. As such, Defendant's use of the "Village Pizzeria" mark, trade name, and domain name is consistently used and displayed in such a way that blatantly encroaches upon Plaintiff's mark. Significantly, Defendant's use of the mark is depicted on storefront windows, menus, and on its website with not only the same font, but the same logo as well which includes "Brooklyn to S.F. to L.A." and "Est. 1979." Photographs are attached hereto as Exhibit C.

13. On information and belief, Defendant capitalizes on Plaintiff's mark by virtue of search engines, such as Yahoo.com, Google.com, and Ask.com, which consumers often use to access and/or search for Village Pizzeria. Consumers who are searching for Village Pizzeria restaurants may be mislead and/or confused into believing that Defendant's website is somehow connected, associated

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

with, sponsored or approved by Plaintiff.

14. Upon learning of Defendant's unauthorized use of Plaintiff's mark, trade name, and domain names, Plaintiff formally demanded that Defendant discontinue any use of Plaintiff's famous mark in any form. A copy of Plaintiff's May, 2007 correspondence is attached hereto as Exhibit D.

15. Thereafter, Plaintiff has initiated many unsuccessful attempts to resolve this dispute amicably, including contacting Defendant by telephone and mail. Nevertheless, Defendant continues to refuse to voluntarily cease and desist from its unauthorized and infringing use of Plaintiff's mark.

16. On information and belief, Defendant adopted Plaintiff's mark, trade name, and domain name to intentionally exploit the notoriety of Plaintiff's mark, and to trade on the goodwill, reputation, and enormous success associated with Plaintiff and the Village Pizzeria mark.

17. Indeed, on information and belief, Defendant has continued and has expanded its use of the mark with actual knowledge of Plaintiff and Plaintiff's use and ownership of the mark, for the purpose of intentionally and nefariously capitalizing upon Plaintiff's valuable goodwill.

18. The confusing similarity between Defendant's use

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

of the Village Pizzeria mark and Plaintiff's mark is likely to cause confusion as to the source of Defendant's goods and services. Thus, Defendant has been and currently is engaged in acts which are injurious and deceptive to the public and which have caused Plaintiff irreparable harm.

**FIRST CAUSE OF ACTION**

**TRADEMARK INFRINGEMNT (15 U.S.C. § 1114)**

19. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth in this place.

20. As a result of Plaintiff's extensive use and promotion of the Village Pizzeria mark, and its commitment to seeking federal registration and protecting the distinctiveness of that mark, such a mark enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce that has become associated with Plaintiff and its goods and services.

21. Prior to Defendant's improper adoption and use of the mark, trade name and domain names, Defendant either had actual notice and knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of Plaintiff's ownership and registration of the mark.

22. Upon information and belief, the goods and services provided by Defendant under the Village Pizzeria mark are identical to the goods and services provided by

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

Plaintiff under the Village Pizzeria mark, and are being offered through the same channels of trade and/or advertising and to the same consumer groups.

23. Plaintiff has not consented to Defendant's use of the Village Pizzeria mark.

24. Defendant's unauthorized use of the Village Pizzeria mark falsely indicated to consumers that Defendant's good and services are in some manner connected with, sponsored by, affiliated with, related to, or approved by Plaintiff.

25. Defendant's unauthorized use of the Village Pizzeria mark is likely to cause consumers to be confused as to the source, nature, and quality of the goods and services that Defendant is offering in connection with Defendant's use of the mark and trade name of Village Pizzeria.

26. By misleadingly diverting to Defendant's website (through use of search engines) consumers who are actually seeking to acquire information about Plaintiff's restaurants, instead find Defendant's use of the Village Pizzeria mark which is causing actual confusion, initial interest confusion, and unjust enrichment to Defendant.

27. Defendant's unauthorized use of the Village Pizzeria name and mark deprives Plaintiff of the ability to control consumer perception of the quality of the services marketed under Village Pizzeria mark, and

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

instead, places Plaintiff 's valuable reputation and goodwill into the hands of Defendant, over whom Plaintiff has no control.

28. The aforementioned acts of Defendant constitutes federal trademark infringement in violation of 15 U.S.C. § 1114.

29. The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

30. Plaintiff has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe upon the Village Pizzeria mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**SECOND CAUSE OF ACTION**

**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**

31. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth in this place.

32. As a result of Plaintiff's extensive use and promotion of its Village Pizzeria mark, and its commitment to seeking federal registrations and protecting the distinctiveness of that mark, the mark enjoys considerable goodwill, widespread recognition, and secondary meaning in commerce as associated with Plaintiff as well as Plaintiff's goods and services.

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

33. Defendant's unauthorized use of the Village Pizzeria mark, as alleged herein, constitutes false designation of the origin of its goods and/or services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. The intentional nature of the Defendant's aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1117.

35. Plaintiff has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe upon the Village Pizzeria mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**THIRD CAUSE OF ACTION**

**FEDERAL TRADEMARK DILUTION (15 U.S.C. ¶ 1125(C))**

36. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth in this place.

37. The Village Pizzeria mark is nationally renowned. It is a famous mark that is widely recognized by consumers, business and industries, and the mark identifies the goods and services of Plaintiff in the minds of consumers.

38. Defendant's unauthorized use of the Village Pizzeria mark began after this mark had become famous.

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

39. Defendant's unauthorized use of the trade name and service mark that so prominently incorporates the Village Pizzeria mark effectively blurs and whittles away at the identity-evoking quality of the mark, which consumers associate with Plaintiff's goods and services.

40. Defendant's unauthorized use of the Village Pizzeria mark as a key component of its trade name and domain name is likely to have, has and will continue to have an adverse effect upon the distinctive quality of the Village Pizzeria mark.

41. Defendant's acts constitute trademark dilution in violation of the Federal Trademark Dilution Act of 1955 (15 U.S.C. § 1125(c)).

**FOURTH CAUSE OF ACTION**

**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

42. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth in this place.

43. Defendant's conduct constitutes deception, by means of which their goods and services have been palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the common law of the State of California.

44. Plaintiff has used its distinctive Village Pizzeria mark in connection with its New York-style pizza since 1979 respectively. By reason of Plaintiff's

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

longstanding and extensive use, the Village Pizzeria mark has become uniquely associated with Plaintiff and identifies Plaintiff as the source of those goods and services.

45. Defendant's unauthorized us of the Village Pizzeria mark is likely to cause confusion or mistake, or is likely to deceive customers, consumers, the general public, and the trade as to affiliation, connection, or association between Plaintiff and Defendant, and as to the origin, sponsorship, or other association of Plaintiff's services and services offered by Defendant.

46. By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in and to its Village Pizzeria mark.

47. Defendant's unlawful conduct has been continues to be willful or willfully blind, and knowing or with reason to known.

48. Plaintiff has been and will continue to be irreparably harmed by Defendant's aforementioned acts of trademark infringement and unfair competition, and unless enjoined by the Court, Defendant's wrongful acts will continue. There is no adequate remedy at law for the harm caused by the acts of infringement and unfair competition alleged herein.

//

//

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

**FIFTH CAUSE OF ACTION**

**CYPERSQUATTING (15 U.S.C. § 1125(D))**

49. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth in this place.

50. The Village Pizzeria mark was distinctive at the time Defendant registered the infringing domain name www.villagepizzeria.net, as set forth in Exhibit A, and the mark remains distinctive today.

51. The infringing domain name is identical and confusingly similar to the Village Pizzeria mark at the time Defendant registered the infringing domain names, and remain identical and confusingly similar today.

52. Defendant registered, used, and continues to use the infringing domain name with bad faith intent to divert consumers from Plaintiff's business and to profit from the recognition and goodwill associated with Plaintiff's mark.

53. Defendant's registration and use of the infringing domain name caused and will continue to cause damage to Plaintiff, in an amount to be proven at trial.

54. In addition, Defendant's registration and use of the infringing domain name is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

//

//

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CAL. CIV. CODE § 3344**

55. Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 18 of this Complaint as though fully set forth in this place.

56. Plaintiff has the exclusive right to use its name and likeness for commercial purposes.

57. Defendant violated Plaintiff's exclusive right to use its name and likeness for commercial purposes by knowingly using Plaintiff's likeness at the time Defendant opened two Village Pizzeria restaurants at the aforementioned location in Los Angeles, California, as well as when Defendant registered the infringing domain name www.villagepizzeria.net, as set forth in Exhibit A, without the or consent of Plaintiff. Defendant's use of the Village Pizzeria mark and Plaintiff's likeness has been and continues to be in a commercial product or to sell a commercial product.

58. The foregoing action constitute a violation of California Civil Code § 3344.

59. As a direct and proximate result of Defendant's above described wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial.

60. The above-described acts of Defendant have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at

Loeb, Kosacz &
Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

law, and Defendant will continue to do so unless enjoined by this Court.

**SEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION (CAL.BUS.&PROF.CODE § 17200,et seq.)**

61. Plaintiff realleges in Paragraphs 1 through 60 of this Complaint.

62. Defendant's acts described above constitute unfair competition in violation of California Business and Professional Code § 17200,et seq.

63. Defendant's acts of unfair competition have cause and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law for Defendant's acts of unfair competition alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. Entry of an order and judgment requiring that Defendant, their officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the Village Pizzeria mark, or any name or mark that wholly incorporates the Village Pizzeria mark or is confusingly similar to or a colorable imitation of the mark, including, without limitation, the Village Pizzeria names

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

and mark; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Plaintiff's services, as to the source of the services offered, distributed or marketed by Defendant, or likely to deceive members of the public, or prospective customers into believing that there is some connection between Defendant and Plaintiff;

2. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in Defendant has complied with the injunction and implemented adequate and effective means to either discontinue doing business and/or discontinue offering or marketing goods and services bearing the Village Pizzeria mark and trade name.

3. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver for destruction, or to show proof of said destruction or sufficient modification to eliminate all articles, packages, wrappers, products, displays, labels, signs, packaging, letterheads, business cards, literature, materials, receptacles, and any other matter in the possession, custody, or under the control of Defendant or its agents or distributors bearing the

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

Village Pizzeria mark in any form or manner whatsoever, or any mark that is confusingly similar to or a colorable imitation of the mark(including, without limitation, the Village Pizzeria mark), both alone and in combination with other words or terms;

4. A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing any form of the Village Pizzeria mark, both alone and in combination with other words or terms, including but not limited to any text and/or images that are hosted on the Defendant's website or any of the Defendant's computers or other storage media;

5. A judgment ordering the cancellation or transfer to Plaintiff of the infringing domain name www.villagepizzeria.net, as set forth in Exhibit A, along with any other domain names registered by Defendant that are compromised, in whole or in part, of Village Pizzeria, or any other term that is confusingly similar thereto:

6. A judgment that Plaintiff be awarded three (3) times Defendant's profits or actual damages to Plaintiff from Defendant's use of the Village Pizzeria mark, together with Plaintiff's reasonable attorney's fees and costs, pursuant to California Civil Code § 3344 and 15 U.S.C. § 1117(a) and (b);

7. A judgment awarding Plaintiff up to $100,000 per

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

domain name for Defendant's violation of 15 U.S.C. § 1125(d)(1), pursuant to 15 U.S.C. § 1117(d);

8. A judgment in connection with the asserted common law claims and/or otherwise permitted by law, including but not limited to an award of compensatory and/or punitive damages in favor of Plaintiff in an amount to be determined;

9. A judgment declaring that Defendant may not use or register, in any manner, Village Pizzeria, or any other name or mark that incorporates, constitutes a colorable imitation of, or is confusingly similar to, the Village Pizzeria mark; and

10. A judgment granting Plaintiff such other and further relief as this Court deems just and proper.

DATED: August 20, 2007 LOEB, KOSACZ & SUNDBERG, LLP

By: ______________________
R. Christopher Chatham, Esq.
Attorneys for Plaintiff,
VILLAGE PIZZERIA ENTERPRIZES, LLC

Loeb, Kosacz & Sundberg, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361
Phone (805) 777-7240
Fax (805) 777-7252

EXHIBIT "A"

## REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION

**Requirements in the First Ten Years***
*What and When to File:*

- First Filing: A Declaration of Continued Use (or Excusable Non-use), filed between the 5th and 6th years after the registration date. (*See* 15 U.S.C. §1058; 37 C.F.R. §2.161.)
- Second Filing: A Declaration of Continued Use (or Excusable Non-use) and an Application for Renewal, filed between the 9th and 10th years after the registration date. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Requirements in Successive Ten-Year Periods***
*What and When to File:*

- A Declaration of Continued Use (or Excusable Non-use) and an Application for Renewal, filed between each 9th and 10th-year period after the date when the first ten-year period ends. (*See* 15 U.S.C. §1058 and §1059; 37 C.F.R. §2.161 and 2.183.)

**Grace Period Filings***

There is a six-month grace period for filing the documents listed above, with payment of an additional fee.

The U.S. Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements. Therefore, you should contact the USPTO approximately one year prior to the deadlines set forth above to determine the requirements and fees for submission of the required filings.

NOTE: *Electronic forms for the above documents, as well as information regarding current filing requirements and fees, are available online at the USPTO web site:*

*www.uspto.gov*

**YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS IDENTIFIED ABOVE DURING THE SPECIFIED TIME PERIODS.**

*Exception for the Extensions of Protection under the Madrid Protocol:
The holder of an international registration with an extension of protection to the United States must file, under slightly different time periods, a Declaration of Continued Use (or Excusable Non-use) at the USPTO. *See* 15 U.S.C. §1141k; 37 C.F.R. §7.36. The renewal of an international registration, however, must be filed at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol. *See* 15 U.S.C. §1141j; 37 C.F.R. §7.41.

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 3,103,738

United States Patent and Trademark Office — Registered June 13, 2006

**TRADEMARK**
**PRINCIPAL REGISTER**

VILLAGE PIZZERIA ENTERPRISES, LLC (WASHINGTON LTD LIAB CO)
85 SARATOGA CREEK
P. O. BOX 238
LANGLEY, WA 98260

FOR: PIZZA, PIZZA CRUST, PIZZA SAUCE, SALAD DRESSING, IN CLASS 30 (U.S. CL. 46).

FIRST USE 9-22-1984; IN COMMERCE 9-22-1984.

OWNER OF U.S. REG. NO. 3,027,935.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PIZZERIA", APART FROM THE MARK AS SHOWN.

THE COLOR(S) RED, GREEN, YELLOW AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE COLOR RED APPEARS IN THE WORDS VILLAGE AND PIZZERIA; THE COLOR GREEN APPEARS AS THE OUTLINE OF THE WORDING, AND AS OUTLINE ON THE DESIGN AND THE CIRCULAR DESIGN CARRIER; THE COLOR YELLOW APPEARS IN THE CIRCULAR DESIGN CARRIER; THE COLOR WHITE APPEARS AS EDGING AROUND THE MARK'S WORDING.

SEC. 2(F).

SER. NO. 78-649,742, FILED 6-13-2005.

BARNEY CHARLON, EXAMINING ATTORNEY



# CERTIFICATE OF REGISTRATION

## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*

Jon W. Dudas

*Director of the United States Patent and Trademark Office*

EXHIBIT "B"

Village Pizzeria Our Menu Our History Information Catering Home

## Our History

The Brooklyn Pizza That Moved West!

When the original owner moved to San Francisco in the early 1970's, the only thing he missed was his favorite the hearty, zesty meal of his childhood made San Francisco's Pizza seem pale in comparison. In search of the ta in 1979 he and his partner opened the first Village Pizzeria. They believed they could combine Brooklyn flavor fresh and produce a truly great pizza.

It worked - a uniquely San Francisco experience was born . . . . just around the time I came out west from Brool New York. It was a "Score" (To Say the Least) to find Village - Steiner Street almost immediately - "Pale by C nicely put to describe the others. 15 years later, I've got the opportunity to keep their original experience

Then while on vacation here in Los Angeles, during the summer of 96 an empty store on Larchmont called ou first L.A. location went from idea to reality! "Thanks L.A.!"

California "Fresh" means just that - no additives - fresh. The dough for the pizza crust is prepared daily using allowed to "proof" (rise). the resulting shell is a true baker's crust. Village Pizzeria uses the best Wisconsin available. To insure the quality and freshness of the toppings, we make our own sausage, meatballs, marinar crushed garlic and clam mixture and pesto according to specific "special" house recipes. We only use fresh

This is absolutely one of the very best pizzas anywhere.

The proof of the pizza is in the eating.

Join us, make yourself comfortable and enjoy!

---

When you want a quick party to celebrate an unexpected triumph, we deliver. Village Pizzeria's pizzas are hot, or come in and enjoy our dining room facility including our front patio.

 Village Pizzeria Our Menu Our History Information Catering Home

# Welcome to Village Pizzeria

Brooklyn to S.F. to L.A

Free Delivery

131 N. Larchmont @ Beverly Blvd. Phone: 323-465-5566 Fax: 323-465-7633 6363

yucca st @ Ivar Phone: 323-790-0763 fax: 323-790-0769

Items and prices subject to change without notice.

*TO OUR CUSTOMERS:*

*Our brand new location at Yucca is "to go " with seating. We do not have free delivery right now due to t parking lilitations in hollywood. This will be an on going dilema while we will work on it with the counci D.O.T. In the mean time refer to "CURB SIDE DELIVERY." We will expedite the order while you doubl no parking when you come. Just have your cell phone and call!!!*

*In addition, please note that there are some menu changes between our two locations. We are working o website menus to reflect these changes.*

*Keep in touch !!! Thank you for your understanding.*

village Pizzeria Home Page 2 of 2

BROOKLYN
Nathan's
5
MALTED MILK
SODA
ICE CREAM

http://www.villagepizzeria.net/index2.htm 8/14/2008

23



**EXHIBIT "C"**



The Original
PIZZERIA
Brooklyn to S.F. to L.A.
Est. 1979
LARCHMONT
SALADS



The Original
VILLAGE
PIZZERIA
Brooklyn to S.F. to L.A.
Since 1979
ywood

ZERIA HOLLYWOOD
CATERING
VILLAGE PIZ
IA.NET

VILLAGE
PIZZERIA
PASTA • SALAD • SANDWICH • SOUP

The Original
Village
Pizzeria



EXHIBIT "D"

5-18-07 Trademark Infringement/Licensing Option 1

RE: Trademark Infringement

Dear Sir or Madam:

I am the managing member of Village Pizzeria Enterprises, LLC. My company holds the trademark rights to the mark "Village Pizzeria."

It has come to our attention that you are using the mark "Village Pizzeria" as a business name, trademark, tradename, domain name, and/or service mark. As we own trademark rights to the mark, Village Pizzeria®, we hold "the exclusive right to use the mark on or in connection with the goods and services specified ...." (§33 (15 U.S.C. §1115). Village Pizzeria® sees your use of this mark as potential "confusion in the marketplace," a detriment to the customers of Village Pizzeria® who have come to expect a high quality product from Village Pizzeria®, and it is an infringement of our rights as owner of the mark under the United States Patent and Trademark law.

To protect my mark from confusion in the marketplace, and/or dilution of the mark, rather than send you a cease and desist letter, I prefer to offer you the opportunity to join me in a Licensing Agreement. This licensing agreement would give you the benefit of continuing your business under the same name so as not to disrupt your business or cause you a loss in profits. The Licensing Agreement will also allow you to offer your customers high-quality products that are made with exceptional ingredients.

At the same time, you'll learn of timesaving production methods and other ways to raise your profits on Village Pizzeria® products. This Licensing Agreement will cause no interference in your business nor loss of profits because you needed to change your business name.

My customers associate the name "Village Pizzeria®" with a high quality product each and every time they place an order with me. Experience among trademark lawyers has shown "that generally trademarks, when used in ... logos that are displayed ... establish in the minds of consumers strong associations between products, services and companies." A trademarked product makes it easier for consumers to quickly identify the source of a given good.

My goal is to ensure that Village Pizzeria® customers who visit Village Pizzeria® are getting the same high quality, reliable product whenever and wherever that Village Pizzeria® may be located.

I need to hear from you by June ___. You may reach me at 360-221-3363 or at the above noted address.

Sincerely,

[signature]

Paul Sarkis, Managing Member

Sep 26 08 11:47a GHL ENTERPRISES 13602210890 p.8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV08- 7232 VBF (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Lane E. Bender, Esq. (State Bar No. 176057)
R. Christopher Chatham, Esq.(State Bar No. 240972)
LOEB, KOSACZ & SUNDBERG, LLP
2801 Townsgate Road
Suite 210
Westlake Village, CA 91361

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VILLAGE PIZZERIA ENTERPRIZES, LLC<br>PLAINTIFF(S)<br>v.<br>STEPHEN M. COHEN, individually and doing business as VILLAGE PIZZERIA; DOES 1-10<br>DEFENDANT(S). | CASE NUMBER<br>CV08-07232 VBF (RCx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): STEPHEN M. COHEN, individually and doing business as VILLAGE PIZZERIA

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, LOEB, KOSACZ & SUNDBERG, LL , whose address is 2801 Townsgate Road Suite 210 Westlake Village, CA 91361 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 31 2008

By: NATALIE LONGORIA
Deputy Clerk
(Seal of the Court)

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
VILLAGE PIZZERIA ENTERPRIZES, LLC

**DEFENDANTS**
STEVEN M. COHEN, individually and doing business as VILLAGE PIZZERIA

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
R. Christopher Chatham, Esq. (State Bar No. 240972)
LOEB, KOSACZ & SUNDBERG, LL
2801 Townsgate Road, Suite 210
Westlake Village, CA 91361
Telephone:(805) 777-7240
Fax: (805) 778-9139

Attorneys (If Known)
Philip D. Weiss, Esq.
AGAJANIAN, MCFALL, WEISS, TETREAULT
346 N. Larchmont Blvd.
Los Angeles, CA 90004-3012
Telephone: (323)993-0198
Fax: (323)999-9509

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
[X] 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes [X] No ☐ **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Federal Trademark Dilution Act of 1955 (15 U.S.C. § 1125(c);15 U.S.C. § 1114; Defendant wrongfully adopted Plaintiff's mark, trade name, and domain name to intentionally exploit the notoriety of Plaintiff's mark, and to trade on the goodwill, reputation, and enormous success associated with Plaintiff's mark

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litig.
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
[X] 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? [X] No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: CV08-07232

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES, CALIFORNIA AND WASHINGTON

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

LOS ANGELES, CALIFORNIA AND WASHINGTON

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES, CALIFORNINA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] Date 10/31/08

R. Christopher Chatham, Esq.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
*Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.