UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE PIZZERIA ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN H. COHEN, individually and doing business as VILLAGE PIZZERIA,<br><br>Defendant. | Case No. CV08-7232 VBF (RCx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING JURY VERDICT**<br><br><br>**Trial Date:** December 8, 2009<br>**Verdict Date:** December 11, |

    The matters before the Court, the Honorable Valerie Baker Fairbank, United States District Judge presiding, are the equitable claims of Plaintiff VILLAGE PIZZERIA ENTERPRISES, LLC for Common Law Trademark Infringement and Unfair Competition and Unfair Competition under California *Business & Professions Code* §17200, et seq., alleged as the Fourth and Seventh claims in the First Amended Complaint ("FAC"), respectively.

    These matters are before the Court following the jury trial of Plaintiff's claims for Federal Trademark Infringement, False Designation of Origin and Cybersquatting which took place on December 8, 2009, December 9, 2009,

December 10, 2009 and December 11, 2009, and which resulted in a Verdict dated December 11, 2009.

The Court makes the following findings of fact and conclusions of law regarding Plaintiff's claims for Common Law Trademark Infringement and Unfair Competition and Unfair Competition under California *Business & Professions Code* §17200, et seq., pursuant to Fed. R. Civ. P. 52(a).

## FINDINGS OF FACT

The following facts were stipulated to by the parties prior to trial:

1. In 1979, Paul Sarkis ("Sarkis") opened the first Village Pizzeria restaurant. This restaurant was located on Steiner Street in San Francisco, California ("Steiner Street restaurant").

2. In preparation for opening the Steiner Street resturant, Sarkis engaged the services of a graphic artist to design and create the Village Pizzeria stylized logo, which Sarkis used thereafter as a trademark ("Logo"). The business done at the Steiner Street restaurant was owned by Sarkis as an unincorporated proprietorship.

3. In 1979, Sarkis adopted and began using both the word mark "VILLAGE PIZZERIA" and the Logo in connection with the business done at the Steiner Street restaurant (the word mark VILLAGE PIZZERIA and the Logo shall collectively be referred to as "Marks").

4. In 1981, Village Pizzeria, Inc. ("VPI") became the owner of the Steiner Street restaurant. Sarkis was an officer and shareholder of VPI.

5. From 1984 to 1988, four (4) additional Village Pizzeria restaurants were opened in the San Francisco, California area, specifically: (1) the restaurant located at Van Ness and Sutter ("Van Ness restaurant"); (2) the restaurant located in the Rincon Center Building ("Rincon restaurant"); (3) the restaurant located in the Blackhawk neighborhood of Danville ("Blackhawk restaurant"); and (4) the restaurant located at 1 Clement Street ("Clement restaurant").

6.  Each of the four (4) subsequently opened Village Pizzeria restaurants was corporate owned.  The Van Ness restaurant was owned by Village Pizzeria #2, Inc. ("VP2"), the Rincon restaurant was owned by Village Pizzeria Rincon, Inc. ("VPR"), the Blackhawk restaurant was owned by Village Pizzeria Blackhawk, Inc. ("VPB") and the Clement restaurant was owned by Village Pizzeria Clement, Inc. ("VP Clement").

7.  Sarkis was an officer of VPI, VP2, VPR, VPB and VP Clement.  VPI was the sole shareholder of VP2, VPR, VPB and VP Clement.

8.  In exchange for managing the restaurants, Sarkis received management fees.

9.  Between 1992 and 1995, all of the California Village Pizzeria locations were sold by their respective corporate owners.

10. In 1994, VP2 opened a Village Pizzeria restaurant located on Whidbey Island, Washington ("Whidbey Island restaurant").

11. In 2004, Village Pizzeria II, Inc., a Washington corporation ("VPII") became the owner of the Whidbey Island restaurant.

12. In 2004, Village Pizzeria Enterprises, LLC, a Washington limited liability company ("VP Enterprises") was formed.  Paul Sarkis is a managing member of VP Enterprises.

13. In 2006, the USPTO issued VP Enterprises a Trademark Registration for the Marks.

14. In 1979, Defendant moved from Flushing, Queens, New York to San Francisco, California.  That same year, Defendant first met Sarkis, shortly after Sarkis opened the Steiner Street restaurant.

15. From 1979 until about 1993, Defendant worked in the clothing business as a wholesale and retail clothing salesman.  Prior to 1994, Defendant had no experience working in a pizza restaurant.

16.     In 1994, Defendant decided to change careers and become a retail store owner, instead of being on the road in the clothing business.  At about this time, Defendant heard from a waitress that the Clement restaurant was for sale.  Defendant lived in the neighborhood where the Clement restaurant was located and Defendant had been a customer of the Clement restaurant from the time it had opened (1988).  Upon learning that the Clement restaurant was for sale, Defendant approached Sarkis and expressed his desire to purchase it.

17.     Over a five or six-month period of time, Defendant and Sarkis negotiated the terms of Defendant's purchase of the Clement restaurant, during which time Defendant was represented by an attorney.  Defendant and Sarkis' negotiations culminated in August, 1994, when Defendant purchased the assets of VP Clement, the corporate owner of the Clement restaurant.

18.     In connection with the sale of VP Clement's assets, Defendant also executed a Promissory Note in the sum of $100,000.00, to be paid to Village Pizzeria, Inc. over time.  Also in connection with the sale of VP Clement's assets, Sarkis remained on site for a brief period of time as a consultant.

19.     At the time Defendant purchased VP Clement's assets, Defendant knew the existence of, and had visited, several other Village Pizzeria restaurants then operating in the San Francisco area.  These other Village Pizzeria restaurants continued to operate throughout the time period Defendant operated the Clement restaurant.

20.     Defendant continued to operate the Clement Street restaurant at its original location using the Marks until 1998, the time Defendant sold that restaurant.

21.     Defendant decided to sell the Clement Street restaurant because he was facing an expiring lease, an imminent increase in rent, increasingly lower business and low sales.  Facing personal family issues, as well, Defendant decided to leave the San Francisco area altogether and move to Los Angeles.

22. By the time Defendant informed Sarkis of his desire to move to Los Angeles, Defendant had already found a buyer for the Clement restaurant.

23. When Defendant told Sarkis about his intended move to Los Angeles and the reasons for that intended move, including Defendant's personal, family and financial problems, Sarkis offered his support.

24. For approximately ten years, Defendant continued to operate the Larchmont Restaurant. Defendant continues to operate the Larchmont Restaurant at the present time.

25. Prior to 2008, Defendant notified Sarkis of the existence of a pizzeria located in Pasadena, California that was using Marks similar to those owned by Sarkis.

26. In 2008, more than 10 years after opening the Larchmont restaurant, Defendant opened a second Village Pizzeria restaurant in the Hollywood area of Los Angeles located on Yucca Street ("Hollywood restaurant").

27. Defendant uses the Marks in the operation of Hollywood Restaurant. *Inter alia*, the Marks are displayed on menus and on the storefront.

28. In 2008, Defendant also began commercially advertising and marketing the Hollywood restaurant by and through the use of the internet domain name www.villagepizzeria.net .

## CONCLUSIONS OF LAW

1. Federal jurisdiction and venue have been admitted.

2. The findings set forth in the Verdict dated December 11, 2009 are adopted by the Court.

3. The Court finds in favor of the Plaintiff and against the Defendant as to the Fourth claim alleged in the First amended Complaint ("FAC") for Common Law Trademark Infringement and Unfair Competition, with no monetary damages.

4. The Court finds in favor of the Defendant and against the Plaintiff as to the Seventh claim alleged in the FAC for Unfair Competition under California

*Business & Professions Code* §17200 et seq. California *Business & Professions Code* §17200 requires the plaintiff to have "suffered injury in fact *and* [to have] lost money or property as a result of [such] unfair competition" See Cal. Bus. & Prof. Code, §17204 (emphasis added). Plaintiff has not met its burden of showing that he has lost money or property, and the authority cited at the hearing does not adequately support Plaintiff's position, i.e., that invasion of a legally protectable interest is sufficient to prevail under California Unfair Competition Law. See, e.g., Hall v. Time Inc., 158 Cal.App.4th 847, 857-58 (Ct. App. 2008) (holding that California Unfair Competition Law requires not only injury in fact, but also lost money or property as a result of the unfair competition).

5. This is not an exceptional case for purposes of 15 U.S.C. §1117(c). As reflected in the reporter's notes, Plaintiff has shown insufficient evidence to support such a finding.

6. Plaintiff is entitled to a permanent injunction pursuant to the Lanham Act, 15 U.S.C. § 1116 to prevent any future trademark infringement and false designation of origin by Defendant or any related entities. Plaintiff is also entitled to a permanent injunction pursuant to the common law to prevent any future unfair competition or trademark infringement.

7. To the extent that any findings of fact constitute conclusions of law, they are adopted as such, and to the extent that the conclusions of law constitute findings of fact, they are adopted as such.

    IT IS SO ORDERED.

DATE: March 5, 2010

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE