JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGE PIZZERIA ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN M. COHEN, individually and doing business as VILLAGE PIZZERIA,<br><br>Defendant. | Case No. CV08-7232 VBF (RCx)<br><br>**JUDGMENT AND PERMANENT INJUNCTION**<br><br><br>**Trial Date:** December 8, 2009<br>**Verdict Date:** December 11, 2009 |

This cause came on to be heard, first by the jury on December 8, 2009, December 9, 2009, December 10, 2009 and December 11, 2009, resulting in a Verdict dated December 11, 2009 and then by the Court, sitting without a jury on February 26, 2010, resulting in Findings of Fact and Conclusions of Law regarding Plaintiff's equitable claims.  Lane E. Bender, Esq. of Silver & Freedman, APLC appeared for Plaintiff Village Pizzeria Enterprises, LLC ("Plaintiff") and Thomas M. O'Leary, Esq. of Ropers, Majeski, Kohn & Bentley and John A. Peterson, Esq. of Early, Maslach & Van Dueck appeared for Defendant STEVEN M. COHEN, individually and doing business as VILLAGE PIZZERIA ("Defendant").

On December 11, 2009 the jury returned the following verdict:

We the jury, being duly empaneled and sworn in the above-entitled cause, do find as follows:

Section 1.  Liability

1. On Plaintiff's claim for federal trademark infringement, do you find for Plaintiff?

    __X__ Yes      _____ No

2. If you answered yes to Question No. 1, was Defendant's use of the Village Pizzeria word mark and stylized logo a "fair use"?

    _____ Yes      __X__ No

3. On Plaintiff's claim for false designation of origin, do you find for Plaintiff?

    __X__ Yes      _____ No

4. On Plaintiff's claim for cybersquatting, do you find for Plaintiff?

    _____ Yes      __X__ No

If you answered "yes" to Question 2 and you answered "no" to Questions 3 and 4, then please sign and date this verdict form and return it to the marshall.

If you answered "no" to Question 2 or if you answered "yes" to Questions 3 or 4, then please proceed to Section II of this form.

Section II.  Monetary Recovery

5. State the amount of damages that should be awarded to Plaintiff, if any.

    $_0.00_____

6. Regardless of your answer to Question 5 above, state the amount of Defendant's profits that should be awarded to Plaintiff, if any.

    $_0.00_____

7. Do you find that Defendant's conduct was intentional, willful or in bad faith?

  __X___ Yes      _____ No

The presiding juror should sign and date this verdict form and return it to the marshall.

  Dated this 11th day of December, 2009.

On February 26, 2010 the Court, sitting without a jury, heard and decided Plaintiff's equitable claims, and determined the scope of injunctive relief.

Having heard the evidence and having considered the arguments and briefs of counsel, based upon the Verdict and the Findings of Fact and Conclusions of Law adopted by the Court, it is ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and the subject matter.

2. Plaintiff shall take judgment against Defendant for the First claim alleged in the First Amended Complaint ("FAC") for Trademark Infringement (15 U.S.C. §1114), with no monetary damages.

3. Plaintiff shall take judgment against Defendant for the Second claim alleged in the FAC for False Designation of Origin (15 U.S.C. §1125(a)), with no monetary damages.

4. Defendant shall take judgment against Plaintiff for the Third claim alleged in the FAC for Federal Trademark Dilution (15 U.S.C. §1125(c)).

5. Plaintiff shall take judgment against Defendant for the Fourth claim alleged in the FAC for Common Law Trademark Infringement, with no monetary damages.

6. Defendant shall take judgment against Plaintiff for the Fifth claim alleged in the FAC for Cybersquatting (15 U.S.C. §1125(d)).

7. Defendant shall take judgment against Plaintiff for the Sixth claim alleged in the FAC for Violation of California *Civil Code* §3344.

8. Defendant shall take judgment against Plaintiff for the Seventh claim alleged in the FAC for Unfair Competition under California *Business & Professions Code* §17200 et seq.

9. This is not an "exceptional" case for purposes of 15 U.S.C. §1117(c).

10. After considering the evidence and counsel's arguments, the Court granted Plaintiff's request for permanent injunction as follows:

   a. Defendant, including his officers, agents, servants, employees, owners, partners, joint venturers and representatives, and all other persons or entities in active concert or participation with Defendant, are hereby enjoined from use of the Village Pizzeria logo as depicted in United States Patent and Trademark Office, Trademark Registration No. 3103738 (hereafter "Mark") or any confusingly similar or colorable imitation of the Mark, in connection with operating any restaurant other than the restaurant located at 131 N. Larchmont Avenue, Los Angeles, California ("Larchmont restaurant"), including the restaurant presently located at 6363 Yucca Street, Hollywood, California ("Hollywood restaurant").

   b. Within ninety (90) days, Defendant is ordered to deliver for destruction, or to show proof of said destruction or sufficient modification to eliminate all articles, packages, wrappers, products, displays, labels, signs, packaging, letterheads, business cards, literature, materials, receptacles, and any other matter in the possession, custody, or under the control of Defendant or his agents bearing the Mark in any form or manner whatsoever, or any mark that is confusingly similar to or a colorable imitation of the Mark, both alone and in combination with other words or terms, in connection with operating the Hollywood restaurant.

   c. Defendant is not enjoined from adorning the interior of Defendant's Hollywood restaurant with historical photos of Defendant Cohen with celebrities, which depict the permitted use of the Mark at the Larchmont restaurant.

11. Plaintiff shall recover against Defendant its costs in an amount to be determined by Local Rule 54.

DATE: March 5, 2010

               */s/ Valerie Baker Fairbank*
               VALERIE BAKER FAIRBANK
               UNITED STATES DISTRICT JUDG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28