JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

VILLAGE PIZZERIA ENTERPRISES,
LLC,

           Plaintiff,

     vs.

STEVEN M. COHEN, individually and
doing business as VILLAGE
PIZZERIA,

           Defendant.

Case No. CV08-7232 VBF (RCx)

**JUDGMENT AND PERMANENT INJUNCTION**

**Trial Date:  December 8, 2009**
**Verdict Date:  December 11, 2009**

      This cause came on to be heard, first by the jury on December 8, 2009, December 9, 2009, December 10, 2009 and December 11, 2009, resulting in a Verdict dated December 11, 2009 and then by the Court, sitting without a jury on February 26, 2010, resulting in Findings of Fact and Conclusions of Law regarding Plaintiff's equitable claims.  Lane E. Bender, Esq. of Silver & Freedman, APLC appeared for Plaintiff Village Pizzeria Enterprises, LLC ("Plaintiff") and Thomas M. O'Leary, Esq. of Ropers, Majeski, Kohn & Bentley and John A. Peterson, Esq. of Early, Maslach & Van Dueck appeared for Defendant STEVEN M. COHEN, individually and doing business as VILLAGE PIZZERIA ("Defendant").

S&F00560142 v1 / 11629-500

1

JUDGMENT

On December 11, 2009 the jury returned the following verdict:

We the jury, being duly empaneled and sworn in the above-entitled cause, do find as follows:

<u>Section 1.  Liability</u>

1.  On Plaintiff's claim for federal trademark infringement, do you find for Plaintiff?

\_\_X\_\_  Yes          \_\_\_\_\_  No

2.  If you answered yes to Question No. 1, was Defendant's use of the Village Pizzeria word mark and stylized logo a "fair use"?

\_\_\_\_\_  Yes          \_\_X\_\_  No

3.  On Plaintiff's claim for false designation of origin, do you find for Plaintiff?

\_\_X\_\_  Yes          \_\_\_\_\_  No

4.  On Plaintiff's claim for cybersquatting, do you find for Plaintiff?

\_\_\_\_\_  Yes          \_\_\_X\_\_  No

If you answered "yes" to Question 2 and you answered "no" to Questions 3 and 4, then please sign and date this verdict form and return it to the marshall.

If you answered "no" to Question 2 or if you answered "yes" to Questions 3 or 4, then please proceed to Section II of this form.

<u>Section II.  Monetary Recovery</u>

5.  State the amount of damages that should be awarded to Plaintiff, if any.

$\_0.00_____

6.  Regardless of your answer to Question 5 above, state the amount of Defendant's profits that should be awarded to Plaintiff, if any.

$\_0.00_____

1    7.  Do you find that Defendant's conduct was intentional, willful or in bad

2  faith?

3         __X___  Yes                _____  No

4

5      The presiding juror should sign and date this verdict form and return it to the

6  marshall.

7              Dated this 11th day of December, 2009.

8

9      On February 26, 2010 the Court, sitting without a jury, heard and decided

10 Plaintiff's equitable claims, and determined the scope of injunctive relief.

11      Having heard the evidence and having considered the arguments and briefs of

12 counsel, based upon the Verdict and the Findings of Fact and Conclusions of Law

13 adopted by the Court, it is ORDERED, ADJUDGED AND DECREED as follows:

14      1.   This Court has jurisdiction over the parties and the subject matter.

15      2.   Plaintiff shall take judgment against Defendant for the First claim

16 alleged in the First Amended Complaint ("FAC") for Trademark Infringement (15

17 U.S.C. §1114), with no monetary damages.

18      3.   Plaintiff shall take judgment against Defendant for the Second claim

19 alleged in the FAC for False Designation of Origin (15 U.S.C. §1125(a)), with no

20 monetary damages.

21      4.   Defendant shall take judgment against Plaintiff for the Third claim

22 alleged in the FAC for Federal Trademark Dilution (15 U.S.C. §1125(c)).

23      5.   Plaintiff shall take judgment against Defendant for the Fourth claim

24 alleged in the FAC for Common Law Trademark Infringement, with no monetary

25 damages.

26      6.   Defendant shall take judgment against Plaintiff for the Fifth claim

27 alleged in the FAC for Cybersquatting (15 U.S.C. §1125(d)).

28

S&F00560142 v1 / 11629-500
3
JUDGMENT

1    7.    Defendant shall take judgment against Plaintiff for the Sixth claim

2    alleged in the FAC for Violation of California *Civil Code* §3344.

3    8.    Defendant shall take judgment against Plaintiff for the Seventh claim

4    alleged in the FAC for Unfair Competition under California *Business & Professions*

5    *Code* §17200 et seq.

6    9.    This is not an "exceptional" case for purposes of 15 U.S.C. §1117(c).

7    10.    After considering the evidence and counsel's arguments, the Court

8    granted Plaintiff's request for permanent injunction as follows:

9    a.    Defendant, including his officers, agents, servants, employees,

10   owners, partners, joint venturers and representatives, and all other persons or

11   entities in active concert or participation with Defendant, are hereby enjoined

12   from use of the Village Pizzeria logo as depicted in United States Patent and

13   Trademark Office, Trademark Registration No. 3103738 (hereafter "Mark")

14   or any confusingly similar or colorable imitation of the Mark, in connection

15   with operating any restaurant other than the restaurant located at 131 N.

16   Larchmont Avenue, Los Angeles, California ("Larchmont restaurant"),

17   including the restaurant presently located at 6363 Yucca Street, Hollywood,

18   California ("Hollywood restaurant").

19   b.    Within ninety (90) days, Defendant is ordered to deliver for

20   destruction, or to show proof of said destruction or sufficient modification to

21   eliminate all articles, packages, wrappers, products, displays, labels, signs,

22   packaging, letterheads, business cards, literature, materials, receptacles, and

23   any other matter in the possession, custody, or under the control of Defendant

24   or his agents bearing the Mark in any form or manner whatsoever, or any

25   mark that is confusingly similar to or a colorable imitation of the Mark, both

26   alone and in combination with other words or terms, in connection with

27   operating the Hollywood restaurant.

28

S&F00560142 v1 / 11629-500

1      c.      Defendant is not enjoined from adorning the interior of

2  Defendant's Hollywood restaurant with historical photos of Defendant Cohen

3  with celebrities, which depict the permitted use of the Mark at the Larchmont

4  restaurant.

5      11.     Plaintiff shall recover against Defendant its costs in an amount to be

6  determined by Local Rule 54.

7

8  DATE: March 5, 2010

9                          VALERIE BAKER FAIRBANK
                           UNITED STATES DISTRICT JUDG
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S&F00560142 v1 / 11629-500                    5
                                          JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28